SARALEE LUST, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lust v. Commissioner
Docket No. 403-71
United States Tax Court
T.C. Memo 1975-16; 1975 Tax Ct. Memo LEXIS 356; 34 T.C.M. (CCH) 69; T.C.M. (RIA) 750016; January 28, 1975, Filed Robert E. Kovacevich, for the petitioner. Thomas N. Tomashek, for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: Respondent determined deficiencies in petitioner's Federal income taxes for the years 1965, 1966 and 1967, and additions to the taxes under section 6651(a) of the Internal Revenue Code *357 of 1954[1] for the years 1965 and 1966 as follows: Addition Year
Deficiency
To Tax
1965
$192.00
$48.00
1966
$163.31
$24.50
1967
193.48
There are two issues for decision: (1) whether payments received during the years 1965 through 1967 by petitioner from her former husband pursuant to the terms of a divorce decree and property settlement agreement constituted child support or alimony; and (2) whether the failure to file Federal income tax returns for the years 1965 and 1966 within the prescribed time was due to reasonable cause and not due to willful neglect. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts and the exhibits attached thereto are incorporated herein by this reference. Certain facts presented here have been gleaned from our decision in Saralee Lust,T.C. Memo. 1971-67, affirmed per curiam F.2d (C.A. 9, July 13, 1973), which involved the same taxpayer and the same documents. Petitioner, Saralee Lust (now Saralee Brown), a single *358 woman, resided in Spokane, Washington at the time the petition herein was filed. Petitioner has not filed a Federal income tax return for 1965. Petitioner filed an individual Federal income tax return for 1966 on June 23, 1967 and timely filed a return for 1967 with the Internal Revenue Service Center at Ogden, Utah. Petitioner has two children by her former husband, Charles W. Lust (Charles). After separating they signed a property settlement agreement dated May 2, 1962. The pertinent provisions of this agreement are set forth in our previous opinion noted above. They need not be repeated here. On July 10, 1962, petitioner obtained a decree of divorce from the Superior Court of Spokane County, Washington, approving the property settlement agreement. The pertinent provisions of the decree are also noted in our previous opinion. From 1965 through 1967, petitioner received the following amounts from Charles pursuant to the terms of the divorce decree and agreement: Year
Amount
1965
$3,630.00
1966
$3,000.00
1967
$3,000.00
Petitioner has not included the above amounts in her gross income for the years 1965, 1966 and 1967. Respondent by statutory notice *359 dated October 29, 1970, determined that these amounts should be properly included in gross income as alimony under section 71(a). OPINION The first issue we are asked to determine is whether amounts received by petitioner pursuant to the divorce decree and property settlement agreement were payments for child support under section 71(b). [2] If so, these amounts are not taxable to petitioner. In a previous case involving the same petitioner and the same issue for the years 1962, 1963 and 1964 [3] this Court held that as the agreement between the parties did not "expressly specify or fix a sum certain *360 for child support," none of the payments qualified as child support under section 71(b), Commissioner v. Lester,366 U.S. 299, 302 (1961). We think our earlier decision is dispositive of the matter at hand. Accordingly we hold that the payments here in issue were alimony, includible in the gross income of petitioner. The remaining issue is whether the failure to timely file Federal income tax returns for 1965 and 1966 was due to reasonable cause under section 6651(a). If so, the additions to tax determined by respondent are unwarranted. Section 6651(a) provides for an addition to tax equal to 5 percent of the tax for each month the failure to file a timely return continues, not to exceed 25 percent in the aggregate, unless it is shown that such failure is "due to reasonable cause and not due to willful neglect." The burden of showing reasonable cause rests with the petitioner. Electric & Neon, Inc.,56 T.C. 1324, 1342 (1971), affirmed 496 F.2d 876 (C.A. 5, 1974); C. Fink Fischer,50 T.C. 164, 177 (1968); Rule 142, *361 Tax Court Rules of Practice and Procedure. Petitioner has not met this burden. Petitioner has presented self-serving uncorroborated testimony that the failure to timely file returns for 1965 and 1966 was due to her reliance upon advice from counsel and advice from the Internal Revenue Service. Her testimony is insufficient to show reasonable cause. She has not disclosed the advice she received from counsel, nor has she shown that the employee of the Internal Revenue Service who offered her tax advice had the authority to do so or had available all of the facts. See Lawrence Block Co., Inc.,12 T.C. 366 (1949). Decision will be entered for the respondent.
Footnotes
1. All section references are to the provisions of the Internal Revenue Code of 1954 in effect during the taxable years in issue.↩
2. Section 71(b) states as follows: (b) Payments to Support Minor Children.--Subsection (a) shall not apply to that part of any payment which the terms of the decree, instrument, or agreement fix, in terms of an amount of money or a part of the payment, as a sum which is payable for the support of minor children of the husband. For purposes of the preceding sentence, if any payment is less than the amount specified in the decree, instrument, or agreement, then so much of such payment as does not exceed the sum payable for support shall be considered a payment for such support.↩
3. The amounts of the deficiencies for those years are different than presently before us.↩